UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COREY KIRKLAND,

                                Plaintiff,                        22-CV-6574-FPG

v.

                                                                                  DECISION AND ORDER

UNIVERSITY OF ROCHESTER, et al.,

                                Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Corey Kirkland brings this disability discrimination action against her former employer(s)—Defendants University of Rochester and Strong Memorial Hospital.[1] Defendants have moved to dismiss the complaint as untimely. ECF No. 6. Plaintiff opposes the motion. ECF No. 9. For the reasons that follow, Defendants' motion to dismiss is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6)

---

[1] The Court dismissed three individual defendants—Stefanie Lauth, John Spuhler, and Adel Afridi—in its screening order. *See* ECF No. 4.

motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

## BACKGROUND

The following facts are taken from the amended complaint, unless otherwise noted. Plaintiff began working at "University of Rochester Strong Memorial Hospital" in 2002, initially as a Sterile Processing Technician. ECF No. 1 at 2, 7. In 2013, Plaintiff injured her back at work. ECF No. 3 at 8. In April 2019, as part of a workers' compensation award, Plaintiff received "275 weeks to use to be out of work." *Id.* at 8. In February 2020, Plaintiff's doctor directed that she work a reduced schedule of three days per week. *Id.* Due to her workers' compensation award, Plaintiff was excused from working the remaining two days of each workweek. *Id.* At some point, Plaintiff took bereavement leave, returning on April 19, 2021. Upon Plaintiff's return, her department director, Adel Afridi, informed her that he "could not accommodate" her restrictions. *Id.* Afridi warned Plaintiff that she had until May 21, 2021 to "find another job within the hospital." ECF No. 3 at 8. Plaintiff was unable to find a suitable alternative position. She alleges that her "last day working" was May 21, 2021. *Id.* at 7. By this, Plaintiff appears to mean that she was placed on leave. *Cf.* ECF No. 9 at 2-3. In her opposition brief, Plaintiff states that she was not formally terminated until January 2022. ECF No. 1 at 3; ECF No. 9 at 1.

On February 23, 2022, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1 at 7. The EEOC issued a Right-to-Sue letter on September 29, 2022. *Id.* at 8. Plaintiff filed her original complaint on December 22, 2022, and amended her complaint as of right on December 29, 2022. *See* ECF No. 3; *see also* Fed. R. Civ. P. 15(a)(1)(A).

Reading Plaintiff's pleadings liberally, the Court understands Plaintiff to be bringing a disability discrimination claim against Defendants under the Americans with Disabilities Act

2

("ADA"). *See* ECF No. 1 at 1; ECF No. 3 at 1. The basis for that claim is Defendants' alleged failure to reasonably accommodate her disability, which led to her termination. *See* ECF No. 1 at 4. On January 5, 2023, the Court permitted Plaintiff's claim to proceed to service against Defendants. ECF No. 4.

## DISCUSSION

Defendants contend, *inter alia*, that Plaintiff did not timely file her EEOC charge under the ADA. Because the Court agrees, it need not address Defendants' other arguments.

"A plaintiff raising an ADA claim of discrimination must exhaust all administrative remedies by filing an EEOC charge within 300 days of the alleged discriminatory conduct." *Roy v. Buffalo Philharmonic Orchestra*, 684 F. App'x 22, 23 (2d Cir. 2017) (summary order). "[T]he filing limitation period for claims of employment discrimination commences on the date the allegedly discriminatory decision was made and communicated to [the employee]." *Economu v. Borg-Warner Corp.*, 829 F.2d 311, 315 (2d Cir. 1987) (internal quotation marks omitted). In this case, Plaintiff alleges that she filed her EEOC charge on February 23, 2022. *See* ECF No. 1 at 3, 7. Therefore, to be timely, the discriminatory conduct must have occurred on or after April 29, 2021. However, Plaintiff alleges that she was notified that her restrictions would not be accommodated on "April 19, 2021"—the day she returned to work. ECF No. 1 at 3; *see also* ECF No. 3 at 7.[2] Accordingly, Plaintiff's EEOC charge based on Defendants' refusal to accommodate was untimely. *Accord Miller-Gonzalez v. Erie Cnty. Sheriff's Off.*, No. 13-CV-623, 2014 WL 1809617, at *1 (W.D.N.Y. May 7, 2014).

Plaintiff responds that her EEOC charge was timely because she did not formally stop working until May 21, 2021, and was not formally terminated until January 2022. *See* ECF No. 9

---

[2] In her opposition memorandum, Plaintiff attaches a May 27, 2021 letter from the university, in which it is stated that the university was made aware of, and refused to accommodate, Plaintiff's restrictions on April 23, 2021. ECF No. 9 at 2. The discrepancy is immaterial. In either case, Plaintiff did not timely file her EEOC charge.

3

at 1. Although both dates do fall within the 300-day period, neither date can be considered the "start" of the 300-day clock. As noted, the clock commences at the time "the discriminatory decision was made and communicated to [the employee]." *Economu*, 829 F.2d at 315 (internal quotation marks omitted). "The rejection of a proposed accommodation is a single completed action when taken," regardless of whether "the *effect* of the employer's rejection continues to be felt by the employee for as long as [she] remains employed." *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 135 (2d Cir. 2003). April 19, 2021 is the alleged date when Defendants refused to accommodate Plaintiff's restrictions and communicated that refusal to Plaintiff. *See* ECF No. 1 at 3. It is therefore the date on which the clock began to run. *See, e.g.*, *Ross v. New York*, No. 15-CV-3286, 2017 WL 354178, at *2 (S.D.N.Y. Jan. 24, 2017).

For similar reasons, it is immaterial that Defendants did not formally place Plaintiff on leave or terminate her employment until later. "In the event of a discriminatory discharge, the 300-day period commences when the alleged discriminatory decision is made and communicated to the plaintiff, which may or may not coincide with the date that employment ended." *Felder v. Pepsi Cola*, No. 14-CV-4315, 2015 WL 3447216, at *4 (E.D.N.Y. May 6, 2015). As alleged, Defendants communicated to Plaintiff on or about April 19, 2021 that she could no longer hold her position and, consequently, would be terminated unless she found another position. *See* ECF No. 3 at 8 (alleging that Afridi told Plaintiff that she "had until May 21, 2021 to find another job within the hospital" because he could "not accommodate [her] restrictions"). Because Plaintiff's termination from her position was thus "inevitable" as of April 19, 2021, *Del. State Coll. v. Ricks*, 449 U.S. 250, 257 (1980), the limitations period began to run on the date when Plaintiff received that "definite notice of the termination," *Economu*, 829 F.2d at 315, "not [on] the date [Defendants'] decision [took] effect." *O'Malley v. GTE Serv. Corp.*, 758 F.2d 818, 820 (2d Cir. 1985); *see also Ricks*, 449 U.S. at 257 ("Mere continuity of employment, without more, is

4

insufficient to prolong the life of a cause of action for employment discrimination."); *Pang v. N.Y.C. Bd. of Educ.*, No. 01-CV-994, 2005 WL 1711187, at *3 (E.D.N.Y. July 20, 2005) (clock began to run when employee received allegedly discriminatory performance rating, not when board "imposed the consequences of the [rating] on [the employee] by placing her on the Ineligible/Inquiry List and denying her application for a license to teach Special Education"). Therefore, contrary to Plaintiff's argument, her EEOC charge based on Defendants' failure to accommodate was untimely notwithstanding that she was placed on leave and terminated within the 300-day period.[3]

Plaintiff's claim is time-barred and must be dismissed. Nevertheless, it must be acknowledged that Plaintiff's filings are not fully clear concerning the timeline of the relevant events. To the extent the Court has in any respect misconstrued Plaintiff's allegations, she is free to file a supplemental letter clarifying her allegations, if she wishes to do so. In addition, if she believes she may be entitled to equitable tolling (as discussed in footnote 3), Plaintiff is free to raise such arguments in her supplemental letter. Plaintiff's supplemental letter is due by November 3, 2023. If Plaintiff fails to file her supplemental letter by that date, her amended complaint will be dismissed with prejudice, and the case will be closed.

---

[3] The Court notes that 300-day time limit is "not jurisdictional and, therefore, [is] subject to equitable tolling." *Smith v. Homes for Homeless*, No. 20-CV-10710, 2021 WL 77098, at *2 (S.D.N.Y. Jan. 7, 2021). "Equitable tolling of the statute of limitations is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Id.* at *2 n.2 (internal quotation marks omitted). "To obtain the benefit of equitable tolling, a plaintiff must show (1) that he acted with reasonable diligence during the time period tolled, and (2) that extraordinary circumstances justify the application of the doctrine." *Id.* Because Plaintiff does not invoke the doctrine of equitable tolling, let alone make the necessary showing, the Court cannot conclude that it applies here.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 6) is GRANTED. Plaintiff's amended complaint (ECF No. 3) is DISMISSED. By November 3, 2023, Plaintiff may, if she wishes to do so, file a supplemental letter on the topics stated above. If Plaintiff fails to file her supplemental letter by that date, her amended complaint will be dismissed with prejudice, and the case will be closed.

IT IS SO ORDERED.

Dated: September 25, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York